UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMARO GONCALVES,<br>JOHN M. MUSHRIQUI,<br>JEANA MUSHRIQUI,<br>JONATHAN M. SPILLER,<br>DAVID PAINTER,<br>LEE WARES,<br>PANKESH PATEL,<br>OFER PAZ,<br>ISRAEL WEISLER,<br>　　a/k/a WAYNE WEISLER,<br>MICHAEL SACKS,<br>JOHN BENSON WIER III,<br>HAIM GERI,<br>YOCHANAN R. COHEN,<br>　　a/k/a YOCHI COHEN,<br>SAUL MISHKIN,<br>R. PATRICK CALDWELL,<br>STEPHEN GERARD GIORDANELLA,<br>ANDREW BIGELOW,<br>HELMIE ASHIBLIE,<br>DANIEL ALVIREZ,<br>LEE ALLEN TOLLESON,<br>JOHN GREGORY GODSEY,<br>　　a/k/a GREG GODSEY, and<br>MARK FREDERICK MORALES,<br><br>　　　　　Defendants. | Miscellaneous Docket No. _____<br>[Related to CR-09-335 (RJL)] |

## PROTECTIVE ORDER

　　WHEREAS, in the course of discovery in the above-captioned matter, the above-listed defendants ("Defendants") have sought, and continue to seek, pursuant to the United States Constitution, Federal Rule of Criminal Procedure 16(a)(1)(E)(i), *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), or otherwise documents in the

possession of the United States that were voluntarily produced to the government by Armor Holdings, Inc. ("Armor"); and

WHEREAS, Armor maintains that certain of the documents that the Defendants have requested from the United States are immaterial and/or may contain Armor's privileged attorney-client communications, attorney work product, information protected by a federal settlement privilege pursuant to Federal Rule of Evidence 501, or otherwise confidential or privileged information ("the Confidential Documents");

IT IS HEREBY ORDERED as follows:

1. Department of Justice ("DOJ") shall produce to the Defendants the 16 categories of documents that Armor, in its May 12, 2010 letter, agreed DOJ could produce. DOJ shall not produce to the Defendants any other Armor documents, including, without limitation, those to which Armor specifically objected in the May 12, 2010 letter;

2. Following Defendants' review of the documents DOJ produces pursuant to Paragraph 1, any Defendant may submit to DOJ, with notice to Armor, a list of narrowly tailored requests for production of additional Armor documents that the Defendant believes are material to the preparation of their defense and not cumulative. Armor shall respond to any such requests within two weeks in writing. To the extent the Defendants and Armor cannot agree regarding the production by DOJ of additional Armor documents, the Defendants shall submit a motion to the Court setting out precisely the materials requested and the reasons for the dispute and Armor shall respond on a schedule to be set by the Court;

3. Defendants may use the Armor documents that DOJ produces pursuant to Paragraph 1 ("Produced Armor Documents") solely in connection with the judicial proceedings in the present criminal action; provided, however, that Defendants may not disclose the Produced Armor Documents or their contents to any person or party other than: (a) the Court, persons employed the Court, and the stenographers transcribing the testimony or argument at a hearing or any appeal therefrom, or any persons permitted by the Court to attend any court session at which such documents are properly discussed or displayed; (b) the defendant, counsel of record for the defendant, including associates, legal assistants, paralegals, secretarial and clerical employees, and outside consultants or support services who are assisting counsel in the criminal action (including, for example, expert witnesses or consultants, copy services, litigation consulting services, and graphics services); (c) individuals whom the Defendants anticipate in good faith will be or may be witnesses in the criminal action and/or their counsel;

4. Defendants may not distribute or disseminate the Produced Armor Documents or copies of them to any persons except those identified at paragraph 3(b)-(c);

5. Each Defendant will keep a written log of all Produced Armor Documents shown to the people authorized under paragraph 3(b)-(c) above, and will, upon good cause shown and the order of the Court, produce such log and certify as to its completeness;

6. Pursuant to Federal Rule of Evidence 502(d), the United States' production of the Produced Armor Documents and any use of the Produced Armor Documents by the Defendants in the criminal actions shall not, in any way, constitute a waiver of any of Armor's legal privileges or confidentiality protections to which any of the documents may presently be subject, in this or any other civil or criminal action or proceeding, including but not limited to all civil actions in which Armor (or any of its affiliates) is or may be a party. No defendant shall assert that Armor, by virtue of consenting the production of documents to Defendants by DOJ pursuant to this protective order, has waived any potentially applicable privilege with respect to the produced documents, any other documents, or any subject matter, provided, however that in the event a Defendant requests the production of further documents pursuant to Paragraph 2 and in the further event that Armor interposes an objection to such request based on the attorney-client and/or work-product privileges, the Defendant may assert that such privileges have been waived by virtue of Armor's production of documents to the DOJ and the Securities and Exchange Commission; and

7. Within thirty (30) days of the final disposition of the criminal action, including any appeals from final judgment, counsel for Defendants shall return to the United States any and all Produced Armor Documents that were not admitted in evidence or otherwise published in the course of the criminal action, and any copies thereof in their possession or control, or the possession or control of their attorneys.

**SO ORDERED**

Dated: June ____, 2010

_____
RICHARD J. LEON
United States District Judge