UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ARMOR HOLDINGS, INC.

*Petitioner,*

v.

AMARO GONCALVES, *et al.,*

*Interested Parties,*

v.

UNITED STATES OF AMERICA,
*Respondent.*

Case No. 1:10-MC-00367 (RJL)
[Related to Case No. 1:09-CR-335 (RJL)]

## PROTECTIVE ORDER

WHEREAS, in the course of discovery in the above-captioned matter, defendants have sought pursuant to the United States Constitution, Federal Rule of Criminal Procedure 16(a)(l)(E)(i), *Brady v. Maryland,* 373 U.S. 83 (1963), and *Giglio v. United States,* 405 U.S. 150 (1972), documents in the possession of the Department of Justice ("DOJ") that were produced to the government by Armor Holdings, Inc. ("Armor"); and

WHEREAS, Armor has already coordinated with DOJ and produced the following documents to defendants subject to the Court's August 29, 2010 Protective Order: (a) the sixteen (16) categories of Armor documents that Armor identified in its June 8, 2010 Application to this Court and at the hearing held on July 29, 2010; (b) hard copy documents for which Armor understands Richard Bistrong was the custodian; and (c) files from Bistrong's Armor-issued blackberry; and

WHEREAS, subject to the terms of the Court's August 29, 2010 Protective Order, Armor will further produce from Bistrong's server email and hard drive, emails authored by Bistrong (collectively "Bistrong Email"), omitting duplicates and potentially privileged documents, as has been agreed to by counsel for the defendants and for Armor; and

WHEREAS, some of the Bistrong Email Armor intends to produce to the defendants may contain content protected from disclosure under the attorney-client privilege or the work product doctrine (collectively, "Protected Content"); and

WHEREAS, defendants acknowledge that for Armor to manually review the substantial volume of Bistrong Email to identify and remove Protected Content using traditional attorney review methods before production to the defendants would place an undue burden and expense on Armor and would delay the production of documents to the defendants; and

WHEREAS, Armor and the defendants agree that, despite Armor's reasonable efforts to identify and remove Bistrong Email containing Protected Content prior to production to the defendants, some Bistrong Email containing Protected Content may be inadvertently or unintentionally produced to the defendants; and

WHEREAS, Armor and the defendants desire to establish a mechanism to avoid waiver of the attorney-client privilege and the work product doctrine as a result of the inadvertent or unintentional production of Protected Content;

IT IS HEREBY ORDERED:

1. To alleviate the undue burden and expense upon Armor and to expedite the production of Bistrong Email to the defendants, Armor may use an electronic Privilege Filter, to identify and remove Bistrong Email containing Protected Content prior to production by DOJ to the defendants.

2. The inadvertent or unintentional production to defendants of Bistrong Email which is subject to a legitimate claim that it is Protected Content, but which for any reason is not screened from production by the Privilege Filter shall NOT constitute waiver of the attorney-client privilege or the work product doctrine for that Bistrong Email or for the subject matter of the inadvertently or unintentionally disclosed Bistrong Email.

3. The defendants shall NOT assert that Armor has waived the attorney-client privilege or the work product doctrine for the inadvertent or unintentional production of Bistrong Email containing Protected Content or for the subject matter of the inadvertently or unintentionally disclosed Bistrong Email.

4. The inadvertent or unintentional disclosure of Bistrong Email which is subject to a legitimate claim that it is Protected Content shall NOT result in a taint to factual information contained in such email, or other documents and evidence, to the extent such factual information, documents and evidence is discovered by means other than through the inadvertent or unintentional disclosure of Protected Content.

5. The defendants shall promptly upon discovery bring to Armor's counsel's attention Bistrong Email that they believe may contain Protected Content.

6. Armor shall have a standing request for the return of inadvertently or unintentionally disclosed Bistrong Email that contains Protected Content.

7. Any Bistrong Email which Armor deems to contain inadvertently or unintentionally disclosed Protected Content shall be, upon written request, removed from defendant's database(s) (e.g., Concordance or other means of organizing or loading the Bistrong Email for review). The defendants shall provide written certification of compliance within thirty (30) days of such written request.

SO ORDERED.

Dated: November 3rd, 2010

_____
RICHARD J. LEON
United States District Judge